IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CHRISTOPHER CROSS,                    )
                                      )
         Plaintiff,                   )
                                      )
     v.                               )     Case No. 16-03378-CV-S-BP
                                      )
ROBERT CIRTIN, *et al.*,              )
                                      )
         Defendants.                  )

## ORDER AND OPINION GRANTING MOTION TO DISMISS COUNT IV WITHOUT PREJUDICE

Plaintiff, proceeding pro se, has filed suit on behalf of himself and an undefined class against Greene County Presiding Commissioner Robert Cirtin, Greene County Sheriff James Arnott, and numerous Jane and John Does. All Defendants are sued in their personal capacities and not in their official capacities.

Cirtin has filed a Motion to Dismiss that targets only Count IV of the Amended Complaint.[1] Count IV alleges violations of the Americans with Disabilities Act (the "ADA"). Cirtin argues that Plaintiff lacks standing to pursue a claim under the ADA; the Court agrees, so Cirtin's motion, (Doc. 19), is **GRANTED**, and Count IV is dismissed.[2]

---

[1] Plaintiff claims that Cirtin's motion is a "Motion for Sanctions that is disguised as a Motion to Dismiss," (Doc. 23, pp. 6-7), and that Cirtin's counsel has violated Rule 11 by filing a "frivolous, scandalous, [and] defamatory" motion. (Doc. 23, p. 9.) He also asks the Court to "impose sanctions against opposing parties where they fail to prove their allegations by factual evidence . . . ." (Doc. 23, p. 15.) The Court rejects these arguments without comment because they are frivolous.

[2] Sheriff Arnott did not join in Cirtin's motion or otherwise seek dismissal of Count IV. However, standing is a jurisdictional doctrine that the Court is obligated to consider even if it is not raised by the parties. *E.g., Pucket v. Hot Springs Sch. Dist. No. 23-2,* 526 F.3d 1151, 1156-57 (8th Cir. 2008). If Plaintiff lacks standing to proceed on Count IV, the appropriate course is for the Court to dismiss Count IV instead of waiting for a separate motion from Sheriff Arnott.

## I.  BACKGROUND

The Amended Complaint, (Doc. 9), is forty-six pages long, contains nearly 200 separately numbered paragraphs, asserts four substantive counts, and asserts two counts that do not present substantive claims but only seek declaratory and injunctive relief for the four substantive counts.  Counts I through III are legally distinct from the ADA claim asserted in Count IV.  Moreover, there is no need to detail all of Plaintiff's factual allegations in order to address the pending motion.  Therefore, the Court will focus on those allegations that relate to Plaintiff's ADA claim.[3]

Plaintiff contends that he is the legal guardian for an unnamed individual (hereafter referred to as Plaintiff's "Ward"), and that his Ward participates in some manner in "programs" related to sex offenders.  He identifies these programs by reference to Missouri statutes, and the statutes Plaintiff cites relate to restrictions on where certain sex offenders may live and requirements that certain sex offenders register with law enforcement.  (Doc. 9, ¶¶ 103, 108.) Plaintiff contends Defendants have not permitted Plaintiff's Ward access to these "programs" in violation of the Americans with Disabilities Act, ("ADA"), but he does not set forth any facts that explain this claim.  (Doc. 9, ¶¶ 170-73.)  He also alleges that Green County generally, and the Greene County Sheriff's Department specifically, do not have an ADA coordinator, a published ADA grievance procedure, or "auxiliary aids as defined in" the ADA.  (Doc. 9, ¶¶ 99-102, 169.)

Cirtin argues Plaintiff lacks standing to assert ADA claims because Plaintiff has not alleged that he suffered an injury and Plaintiff cannot rely on the Ward's claims to support his own standing.  Cirtin further argues that Plaintiff cannot present his Ward's claims because he is

---

[3] More details about Plaintiff's allegations and claims appear in the Court's Order and Opinion Denying Plaintiff's Motion to Disqualify Counsel.  (Doc. 26, pp. 2-3.)

not a licensed attorney. Plaintiff contends that he has standing because his Ward's claims are really his own. The Court resolves these arguments below.

## II. DISCUSSION

The requirement that a plaintiff have standing to sue arises from Article III of the Constitution and its command that the judicial power of the United States be applied only to cases and controversies. *E.g., Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1546-47 (2016). The "irreducible constitutional minimum" required to demonstrate standing requires that a plaintiff "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. at 1547. Cirtin's argument focuses on the first requirement and contends that the Amended Complaint does not allege any injuries suffered by Plaintiff. Cirtin argues that at best the Amended Complaint alleges that Plaintiff's Ward has suffered injuries, but Plaintiff cannot rely on his Ward's injuries to satisfy the requirement that he suffered an injury, nor can he assert claims on his Ward's behalf.

Plaintiff concedes that his Ward is not party to this suit; in fact, he insists upon this point. (Doc. 23, pp. 8-9.)[4] He suggests he has suffered injuries by virtue of his association with his Ward. (Doc. 23, pp. 11-12.) Plaintiff also argues that he has standing – not "in his capacity as an individual, but rather, in his capacity as a duly appointed legal guardian who has full guardianship and full statutory authority, because the capacity of a guardian trumps the capacity of an individual." (Doc. 23, p. 11.) It is not clear whether these are intended to be distinct arguments or are part of a single argument; the Court will treat them as separate arguments in order to provide a fuller analysis.

---

[4] The parties are correct: Plaintiff's Ward is not a party to this action.

3

## A. Plaintiff's Standing Based on Injuries He Suffered

The Amended Complaint does not allege that Plaintiff has suffered an injury that will support the first requirement for standing. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is "concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo,* 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). The Amended Complaint does not allege that Plaintiff has been denied access to programs, or that any other action has been taken against *him* that violates the ADA.

Plaintiff points to 42 U.S.C. § 12112(b)(4), which defines "discrimination against a qualified individual on the basis of disability" to include "excluding . . . benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." He also relies on 42 U.S.C. § 12182(b)(1)(E), which declares that it is "discriminatory to exclude or otherwise deny equal [treatment] because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." Both statutes apply when a person is denied benefits or otherwise subjected to discriminatory treatment because of their association with a disabled person. However, Plaintiff has not alleged that *he* was denied any benefits, or that *he* suffered any discriminatory treatment, because of his Ward's disability. These statutes do not apply in this case, and do not provide Plaintiff with the injury the Constitution requires for standing.

## B. Plaintiff's Standing as his Ward's Guardian

Plaintiff simultaneously (1) denies that he is asserting claims on behalf of his Ward and (2) argues that he has standing because his Ward has suffered injuries. Essentially, he contends that he stands in the place of his Ward and therefore Plaintiff suffers a constitutionally

4

recognized injury whenever his Ward does. This is an incorrect statement of law. "As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). This rule prohibits Plaintiff from asserting an ADA claim based on his Ward's injuries or interests under the theory that the claim is his own. In other words, Plaintiff does not have standing just because his Ward suffered an injury. Plaintiff has failed to appreciate the difference between his powers to decide the Ward's affairs with Plaintiff's ability to personally litigate the Ward's legal claims. Plaintiff is undoubtedly permitted to cause an action to be filed on his Ward's behalf, but this power does not bestow Plaintiff with the injury necessary to satisfy the requirements for standing.

Notwithstanding Plaintiff's protests to the contrary, Plaintiff's argument demonstrates that he is really attempting to assert his Ward's claims. However, the fact that he is the Ward's guardian does not permit him to act as legal counsel to prosecute that claim. Missouri law would not permit Plaintiff to act as a lawyer to assert his Ward's claim. Mo. Rev. Stat. § 473.153.7 (provision of Missouri's Probate Code that applies to guardians pursuant to Mo. Rev. Stat. § 475.020). Similarly, federal courts do not permit guardians to act as attorneys simply by virtue of their status as guardians. *E.g.*, *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *McCaslin v. Radcliff,* 168 F.R.D. 249, 256 (D. Neb. 1996). Most cases discussing this issue relate to parents attempting to assert claims on behalf of their children because both guardians and parents are addressed by the same rule. *See* Fed. R. Civ. P. 17(c). However, the rationale for precluding non-attorney parents from acting as attorneys for their wards applies equally to non-attorney guardians:

> The choice to appear *pro se* is not a true choice for [wards] who under state law, *see* Fed. Civ. P. 17(b), cannot determine their own legal actions. There is thus no

5

> individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. . . . [I]t is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-[ward] relationship that suggests that the [ward's] interests would be furthered by representation by the non-attorney guardian.

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see also Osei-Afriyie v. Medical Coll. of PA*, 937 F.2d 876, 882-83 (3d Cir. 1991).

### III. CONCLUSION

Plaintiff lacks standing to assert the ADA claim presented in Count IV. He does not allege that he suffered any injuries of his own, and he cannot rely on his Ward's injuries to satisfy the Article III's requirement that he suffered an injury. Similarly, to the extent that Plaintiff seeks redress for his Ward's claims, Plaintiff is not permitted to act *pro se* on his Ward's behalf. Accordingly, the Motion to Dismiss, (Doc. 19), is **GRANTED**, and Count IV is dismissed without prejudice. Counts V and VI are dismissed to the extent they seek relief for Count IV.

**IT IS SO ORDERED**

Date: December 5, 2016

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT